**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WYLETTA LEOPOLD**                                          **CIVIL ACTION NO.**

**VERSUS**                                                              **22-110-JWD-SDJ**

**EAST BATON ROUGE**
**PARISH SCHOOL BOARD**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 15, 2025.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WYLETTA LEOPOLD**                                    **CIVIL ACTION NO.**

**VERSUS**                                                       **22-110-JWD-SDJ**

**EAST BATON ROUGE**
**PARISH SCHOOL BOARD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Reimburse (R. Doc. 46) filed by *pro se* Plaintiff Wyletta Leopold on January 17, 2025. Defendant East Baton Rouge Parish School Board opposes Plaintiff's Motion (R. Doc. 49). For the reasons set forth below, it is recommended that Plaintiff's Motion be **denied**.

**I.    BACKGROUND**

Plaintiff instituted this action on February 14, 2022.[1] In her Complaint, Plaintiff, who was employed by Defendant at the time, brings claims for violations of Title VII of the Civil Rights Act of 1964, alleging racial discrimination and retaliation.[2] On October 22, 2024, a settlement conference was held before the undersigned, during which the Parties reached a settlement agreement.[3] Plaintiff agreed to resign from her employment with Defendant, and Defendant agreed to pay Plaintiff $15,000.[4] According to Defendant, a formal settlement agreement was executed by Plaintiff on December 9, 2024.[5] Shortly thereafter, on January 15, 2025, a settlement check was hand-delivered to Plaintiff.[6] The settlement check was in the amount of $10,517.64,

---

[1] R. Doc. 1.
[2] *Id.* at 1.
[3] R. Doc. 38.
[4] R. Doc. 49 at 2.
[5] *Id.* at 3.
[6] R. Doc. 48 at 1.

accompanied by correspondence explaining that a percentage of the $15,000 was withheld to pay certain federal and state taxes.[7] Plaintiff, in response, filed the instant Motion,[8] to which Defendant has filed an Opposition.[9]

## II. LAW & ANALYSIS

In her Motion, Plaintiff argues that because the agreed amount was a settlement, it is not subject to being taxed.[10] As such, Plaintiff seeks reimbursement of the funds withheld to pay taxes.[11] In addition, Plaintiff argues that she also is entitled to receipt of a $2,000 stipend paid to School Board employees in December 2024, as well as $5,000 "for mental anguish and emotional distress" associated with Defendant's alleged failure to pay the full settlement amount.[12] The Court addresses each, in turn, below.

### A. Whether Tax Withholdings were Proper

It is not disputed that Plaintiff's claims are for violations of Title VII. Title VII does not allow for awards of compensatory or punitive damages; rather, recovery is limited to back wages and equitable relief. *United States v. Burke*, 504 U.S. 229, 238 (1992) (citing 42 U.S.C. § 2000e-5(g)). As explained by the Supreme Court:

> … Title VII focuses on legal injuries of an economic character, consisting specifically of the unlawful deprivation of full wages earned or due for services performed, or the unlawful deprivation of the opportunity to earn wages through wrongful termination. The remedy, correspondingly, consists of restoring victims, through backpay awards and injunctive relief, to the wage and employment positions they would have occupied absent the unlawful discrimination. Nothing in this remedial scheme purports to recompense a Title VII plaintiff for any of the other traditional harms associated with personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages.

---

[7] R. Doc. 46 at 1; R. Doc. 49 at 3.
[8] R. Doc. 46.
[9] R. Doc. 49.
[10] R. Doc. 46 at 1.
[11] *Id.* at 2.
[12] *Id.* at 1-2.

2

*Burke*, 504 U.S. at 239 (quotations and citations omitted).[13]  As no injunctive relief was sought, Plaintiff's recovery is for back wages.

26 U.S.C.A. § 61(a), which is part of the Internal Revenue Code, defines "gross income" as "all income from whatever source derived," with certain specified exclusions.  An amount of damages "received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness," however, is not included in gross income.  26 U.S.C.A. §104(a)(2).  But the Supreme Court specifically held "that the backpay awards received … in settlement of … Title VII claims are not excludable from gross income as 'damages received … on account of personal injuries' under § 104(a)(2)." *Burke*, 504 U.S. at 242.  Because Plaintiff's recovery is for back wages, that amount is not excluded from gross income and, therefore, is subject to income tax withholding. *See Rivera v. Baker West, Inc.*, 430 F.3d 1253, 1258 (9th Cir. 2005) ("hold[ing] that the settlement proceeds paid to compensate Rivera for his lost wages are subject to income tax withholding").  As such, Defendant's tax withholding was proper.

### B. Whether Plaintiff is Entitled to Additional Recovery

In addition to the amount withheld for taxes, Plaintiff also seeks a $2,000 stipend she claims "was paid to employees in December," as well as $5,000 "for mental anguish and emotional distress" incurred as a result of Defendant's withholding of funds.[14]  These supplemental requests by Plaintiff must be denied.  This case has been closed, and no new claims may be brought.

On December 9, 2024, the Parties filed a Joint Motion to Dismiss, signed by both Parties, in which they represented "that all claims in the above entitled and numbered cause have been

---

[13] The Court notes that Plaintiff also seeks recovery for "all medical expenses" and "damages for emotional distress" in her Complaint, but the only violation alleged is of Title VII.
[14] R. Doc. 46 at 1-2.

3

fully compromised and settled, and should be dismissed with prejudice."[15] Based on Plaintiff's own admission, this case has been entirely resolved, and no new claims, such as additional claims for damages, can be made therein. As such, Plaintiff cannot seek additional recovery in this litigation.

## III.   RECOMMENDATION

For the reasons set forth above,

**IT IS RECOMMENDED** that Plaintiff's Motion to Reimburse (R. Doc. 46) be **DENIED.**

Signed in Baton Rouge, Louisiana, on May 15, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 41 at 1.

4